UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
DASHANTE SCOTT JONES,                  :
                                       :
                      Plaintiff,       :
                                       :          **RULING ON MOTION**
         -against-                     :          **FOR FEDERAL**
                                       :          **PROTECTION**
SCHORTMAN, et al.,                     :
                                       :          22-CV-1512 (VDO)
                      Defendants.      :
------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Dashante Scott Jones, a sentenced inmate incarcerated at Corrigan Correctional Center in Uncasville, Connecticut, brings this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Following initial review, the remaining claims are a First Amendment retaliation claim, state law defamation claims, and an ADA claim against Officer Schortman, a due process claim based on issuance of a false disciplinary report and state law defamation claims against Officer Harris, and First Amendment retaliation claims against Lieutenant Davis. *See* Doc. No. 14. All claims relate to events occurring while Plaintiff was confined at MacDougall-Walker Correctional Institution and all defendants are alleged to work there.

Plaintiff now has filed a motion asking the Court to order that he be transferred to Bridgeport Correctional Center, Hartford Correctional Center, or New Haven Correctional Center and confined in a single cell. *See* Doc. No. 36 at 3. Although captioned as a motion for federal protection, Plaintiff is seeking preliminary injunctive relief. For the following reasons, Plaintiff's motion is denied.

**I.    LEGAL STANDARD**

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be

granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted).  To prevail, Plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks and citation omitted); *see also JLM Couture, Inc. v. Gutman*, No. 21-2535, 2024 WL 172609, at *9 (2d Cir. Jan. 17, 2024) (mandatory injunctions which "alter the status quo by commanding some positive act" require a showing of a clear and substantial likelihood of success on the merits) (citation omitted); *Hester ex rel. A.H. v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (to obtain mandatory preliminary injunctive relief against a government actor, plaintiff must, *inter alia*, "make a strong showing of irreparable harm" absent injunctive relief and "demonstrate a clear or substantial likelihood of success on the merits").

Plaintiff cannot obtain preliminary injunctive relief from persons who are not named as defendants.  *See* Fed. R. Civ. P. 65(d)(2) (injunction binding only on parties); *Oliphant v. Villano*, No. 3:09-CV-862(JBA), 2010 WL 5069879, at *2 (D. Conn. Dec. 3, 2010) (holding that the court lacks jurisdiction to enjoin conduct of prison mental health, medical, and correctional staff who are not named as defendants).

In addition, as one of the requirements for an award of preliminary injunctive relief is demonstration of a likelihood of success on the merits of his claims, Plaintiff's request for preliminary injunctive relief must relate to the claims proceeding in this case.  *See, e.g., DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *McMillian v. Konecny*, No. 9:15-CV-0241(GTS/DJS), 2018 WL 813515, at *2 (N.D.N.Y.

2

Feb. 9, 2018) (relief sought in motion for preliminary injunction must relate to claims in complaint); *Torres v. UConn Health*, No. 3:17-CV-325(SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to claims in complaint).

## II.  DISCUSSION

Plaintiff states that he has been transferred to Corrigan Correctional Center and was threatened by a correctional officer there. He seeks an order that the be transferred to one of three correctional facilities and housed in a single cell. The defendants all are alleged to work at MacDougall-Walker Correctional Institution. Thus, they would not have authority to transfer Plaintiff from Corrigan Correctional Center to another facility. Nor are the issues raised in the motion related to the remaining claims in this case. For these reasons, Plaintiff's motion must be denied. If Plaintiff has concerns regarding his safety, he may pursue them by filing a new case.

## III.  CONCLUSION

Plaintiff's Motion for Federal Protection [**Doc. No. 36**] is **DENIED**.

**SO ORDERED.**

Hartford, Connecticut
February 5, 2024

 /s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

3